<p style="text-align:center; color:red">CORRECTED</p>

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-731V
Filed: January 9, 2026

|  |  |
|---|---|
| MICHELLE GONZALES,<br><br>                 Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Special Master Horner |

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for petitioner.
*Alexis B. Babcock,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 17, 2019, Michelle Gonzales filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her October 16, 2017 influenza ("flu") vaccination. Petition at 1. On March 26, 2025, the parties filed a joint stipulation, which I adopted as my decision awarding compensation on the same day. (ECF Nos. 48-49.)

On August 21, 2025, petitioner filed a motion for attorneys' fees and costs. (ECF No. 55.) ("Fees App."). Petitioner requests attorneys' fees and costs in the amount of $35,214.27, representing $32,029.70 in attorneys' fees and $3,184.57 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. (ECF No. 56.) On August 22,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2025, respondent filed a response to petitioner's motion. (ECF No. 57.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988

F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

I have reviewed the hourly rates requested by Petitioner for the work of her counsel at Conway, Homer, P.C. (the billing records indicate that the majority of attorney work was performed by Mr. Joseph Pepper, with supporting work from Mr. Ronald Homer, Ms. Christina Ciampolillo, Ms. Meredith Daniels, Nathaniel Enos, Mr. Patrick Kelly, law clerks, and paralegals). These rates are consistent with what counsel and staff have previously been awarded for their Vaccine Program work and I find them to be reasonable herein.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

After reviewing the billing records, I find that the entries contained duplicative billing due to attorneys and paralegals attending the same case meetings and a duplicate review of attorney work.[3] This firm has seen fee reductions in prior cases for similar duplicative entries. *See Harris v. Sec'y of Health & Human Servs.*, No. 18-944V, 2024 WL 4043705 (Fed. Cl. Spec. Mstr. June 28, 2024); *Cooper v. Sec'y of Health & Human Servs.*, No. 18-1885V, 2021 WL 1603672 (Fed. Cl. Spec. Mstr. Mar. 29, 2021); *McGuinness v. Sec'y of Health & Human Servs.*, No. 17-954V, 2020 WL 4814260 (Fed. Cl. Spec. Mstr. July 24, 2020).

Additionally, counsel billed for administrative tasks, which are not compensable under the Vaccine Program.[4] It is well-established that billing for administrative/clerical

---

[3] There were more than 20 instances where Conway Homer staff billed for attending case meetings. Fees App. Tab A at 2-5, 7-14, 16. There were also more than 15 instances of duplicative review/edits of attorney work. Fees App. Tab A at 45-47, 10-14, 16, 18-19.

[4] For example, a non-exhaustive list of these entries includes: "prep medical records collected to-date for summarization and electronic filing, review each record to confirm date range corresponds to client packet (pre or post vaccine); organize records into chronological exhibits (Ex. 1 to 4) and prepare/paginate medical records" on August 17, 2018; "prep case materials for medical expert (records, summary, MRI images, attorney letter and retainer), prep FedEx shipment to expert, updated case file with tracking info" on April 23, 2024; "Draft NOF for filing images on CD, also draft updated exhibit list, filed electronically, copies of pleadings saved to case file" on May 10, 2024; "Prepare overnight shipment to DOJ containing original

tasks is not permitted in the Vaccine Program.  *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). *See, e.g.*, *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *Paul v. Sec'y of Health & Human Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

I find that a ten percent reduction to the attorneys' fees is necessary to account for these issues and achieve "rough justice." *See Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). This results in a reduction of **$3,202.97**. Petitioner is therefore awarded final attorneys' fees of $28,826.73.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,184.57 in attorneys' costs, including the acquisition of medical records, the Court's filing fee, postage, flash drives, and copies, and expert services provided by Mark Bodor, MD for five hours at $500 per hour, totaling $2,500.00 Fees App. Ex. A at 20-21; Tab B. The costs requested by Conway Homer in this matter appear reasonable. Accordingly, petitioner is awarded the full amount of costs sought.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and his counsel as follows: **a lump sum in the amount of $32,011.30, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

signed stipulation and cover letter from attorney, copy of signed stipulation, attorney letter and tracking information saved to case file" on March 25, 2025. *See* Fees App. Ex. A at 2, 14, 15, 19.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).